**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RICHARD JOSEPH,

    Petitioner,

v.

T.R. SNIEZEK,

    Respondent.

CIVIL ACTION NO. 3:CV-13-1889

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

## **MEMORANDUM**

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation (Doc. 10) to Petitioner Richard Joseph's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Magistrate Judge Blewitt recommends the Petition be transferred to the United States District Court for the Eastern District of North Carolina. Because the Court will retain jurisdiction over this matter, the Report and Recommendation will be rejected.

### **I. Background**

On September 11, 2008 and March 9, 2009, Petitioner filed through counsel Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241 and 2243. At the time the Petitions were filed, Petitioner was confined at FCI-Schuylkill. Although FCI-Schuylkill is located in the Middle District of Pennsylvania, the Petitions were filed in the United States District Court for the Eastern District of Pennsylvania. However, Petitioner correctly named FCI-Schuylkill Warden Sniezek as the Respondent to the Petitions.

Because Petitioner was challenging the imposition of a sentence imposed by the United States District Court for the Southern District of Florida, both Petitions were transferred to the Southern District of Florida. The Southern District of Florida consolidated the Petitions. On September 24, 2012, the United States District Court for the Southern District of Florida dismissed the 2008 Petition and the first claim presented in the 2009

Petition for lack of jurisdiction. But, as the second claim presented in the 2009 Petition challenged the execution of Petitioner's sentence, the Southern District of Florida transferred this claim to the district "Petitioner was incarcerated at the time suit was filed," which the court mistakenly believed to be the Eastern District of Pennsylvania.

While the Petitions were pending in the Southern District of Florida, Petitioner, on or about March 23, 2010, was transferred to the Federal Medical Center in Butner, North Carolina ("FMC Butner") to be treated for prostate cancer. Petitioner's treatment was completed in March 2011. Petitioner continues to be housed at FMC Butner waiting a total right knee replacement.

On October 17, 2012, the Eastern District of Pennsylvania issued an order directing the Respondent to file a response to the Petition. Respondent's response, filed on November 15, 2012, argued that the Eastern District of Pennsylvania lacked jurisdiction to hear Petitioner's remaining claim. Specifically, Respondent asserted that the claim should be dismissed in order to allow Petitioner to re-file the claim in the jurisdiction of his incarceration. Alternatively, Respondent suggested that the claim be transferred to the Middle District of Pennsylvania, the jurisdiction in which Petitioner was incarcerated at the time the Petition was originally filed in 2009. In opposition, while Petitioner objected to the dismissal of the Petition, Petitioner did not object to the transfer of the case to the Middle District of Pennsylvania.

On July 9, 2013, Judge Cynthia M. Rufe of the United States District Court for the Eastern District of Pennsylvania transferred the case to the Middle District of Pennsylvania. In that Order, Judge Rufe stated that "Petitioner at the time of filing was incarcerated at FCI Schuylkill, which is located in the Middle District of Pennsylvania, and the case is properly brought in that District." Judge Rufe also noted that while Petitioner was presently incarcerated in FMC Butner, "[n]either the Government nor counsel for the Petitioner

2

disputes that the Middle District of Pennsylvania has jurisdiction to consider the Petition."

After the case was transferred to this District, Magistrate Judge Blewitt issued the instant Report and Recommendation recommending that the action be transferred to the United States District Court for the Eastern District of North Carolina because that is "the place where Petitioner is presently confined and where jurisdiction over Respondent lies." (Doc. 10, 8.) Petitioner filed timely objections to the Report and Recommendation. Petitioner's objections are now ripe for disposition.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376-77 (M.D. Pa. 1998).

3

## III. Discussion

**A.     The Report and Recommendation**

Magistrate Judge Blewitt issued the instant Report and Recommendation on July 17, 2013. According to Magistrate Judge Blewitt, jurisdiction over the Petition and the correct respondent is proper only in the Eastern District of North Carolina, where Petitioner is presently confined. Magistrate Judge Blewitt also rejected the argument that the Petition could be considered by the court in the jurisdiction in which Petitioner was incarcerated at the time of filing, *i.e.*, the Middle District of Pennsylvania, because "there is generally only one proper respondent, and the custodian is 'the person' with the ability to produce the prisoner's body before the habeas court." Thus, the Report and Recommendation recommends that the case be transferred to the Eastern District of North Carolina, and, further, that Warden Sara Revell be substituted for Warden Sniezek as the proper Respondent in this case.

**B.     Petitioner's Objections and Respondent's Opposition**

Petitioner filed timely objections to the Report and Recommendation on August 5, 2013. Petitioner's primary objection to the Report and Recommendation is to Magistrate Judge Blewitt's recommendation that the Petition be transferred to the Eastern District of North Carolina. Specifically, he argues that he will be returned to FCI-Schuylkill following his total right knee replacement, that he named the proper custodian at the time he filed the Petition, that he could not have originally filed the Petition in the Eastern District of North Carolina, and that transferring the Petition to the Eastern District of North Carolina would not advance the interests of justice. Additionally, Petitioner objects to Magistrate Judge Blewitt's statement that only the second claim of the 2009 Petition remains pending in this action.

On August 19, 2013, Respondent filed a brief in opposition to Petitioner's objections.

Respondent requests that Petitioner's objections be overruled. First, Respondent asserts that Petitioner will be housed at FMC Butner for the foreseeable future. Second, Respondent argues that Petitioner fails to identify any individual residing in the Middle District of Pennsylvania that could effectuate his release. Third, Respondent maintains that the Petition could be brought in the Eastern District of North Carolina and that is a more convenient forum. Lastly, Respondent contends that Petitioner's objection that only claim two of the 2009 Petition remains in this action should be overruled because the decisions of the Eastern District of Pennsylvania and the Southern District of Florida are the law of the case.

**C.    Analysis**

The recommendation to transfer the Petition to the Eastern District of North Carolina will be rejected, and the matter will be recommitted to the Magistrate Judge for further proceedings.

According to the Supreme Court, "there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004). Nevertheless, "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id*. at 441, 124 S. Ct. 2711 (citing *Ex parte Endo*, 323 U.S. 283, 65 S. Ct. 208, 89 L. Ed. 243 (1944)); *cf. Warren v. United States of America, Inc.*, No. 10-1245, 2011 WL 4435655, at *4 (D.S.C. Sept. 23, 2011) ("This broad language implies that the prisoner's immediate custodian need not be within the Court's jurisdiction as long as someone with 'legal authority' over the prisoner's incarceration is subject to the Court's jurisdiction."). Restated, "[w]hen a prisoner

is transferred while the litigation is pending, 'habeas jurisdiction as a general matter continues to be in the district where the prisoner was incarcerated at the time the habeas petition was filed.'" *Chapman v. Mairoanna*, No. 12-4116, 2013 WL 1491550, at *1 n.1 (3d Cir. Apr. 12, 2013) (quoting *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 n.1 (D.C. Cir. 1998)); *see also Paulsen v. Daniels*, 413 F.3d 999, 1005 n.3 (9th Cir. 2005) ("jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."); *Middleton v. Schult*, 299 F. App'x 94, 95 n.1 (2d Cir. 2008) (same); *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) (same).

Here, when Petitioner commenced the instant Petition, he was incarcerated in the Middle District of Pennsylvania. Accordingly, at the time of filing, habeas jurisdiction over the instant Petition was in this District. And, Petitioner's subsequent transfer to FMC Butner after the initial filing of the Petition did not destroy jurisdiction in the Middle District of Pennsylvania. Furthermore, while this action has been transferred multiple times since it was instituted, the Petition was never dismissed. Proper jurisdiction over the action thus remains in the District Petitioner was incarcerated at the time of filing. Although Petitioner erred at the outset by filing the Petition in the Eastern District of Pennsylvania, this fact does not prevent the Court from retaining jurisdiction over the instant Petition as it has never been dismissed.

It is also of significance that the Government proposed that the action be transferred to this District. Indeed, in the Order transferring the action from the Eastern District of Pennsylvania, Judge Rufe noted that "[n]either the Government nor counsel for Petitioner disputes that the Middle District of Pennsylvania has jurisdiction to consider the petition." As such, the Government waived any objection to this action proceeding in the Middle District of Pennsylvania. *See Padilla*, 542 U.S. at 452, 124 S. Ct. 2711 (Kennedy, J.,

6

concurring) ("Because the immediate-custodian and territorial-jurisdictional rules are like personal jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government."); *Dhinsa v. Hufford*, No. 12-CV-912, 2012 WL 3579652, at *4 (M.D. Pa. Aug. 17, 2012) (noting that the parties consented to transfer of habeas petition and Respondent waived the territorial jurisdiction rule and any objections to venue or personal jurisdiction); *McKenzie v. INS*, No. 04-1001, 2005 WL 452371, at *3 (E.D. Pa. Feb. 23, 2005) (Government waived immediate-custodian and territorial-jurisdiction rules).[1]

## IV. Conclusion

For the above stated reasons, the Report and Recommendation will be rejected and the United States District Court for the Middle District of Pennsylvania will retain jurisdiction over Petitioner's § 2241 Petition. The matter will be recommitted to Magistrate Judge Blewitt for further proceedings.

An appropriate order follows.

September 23, 2013 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

---

[1] As set forth above, Petitioner also objects to Magistrate Judge Blewitt's statement that only claim 2 of the March 2009 Petition remains in this action. This objection will not be addressed at this time and will instead be addressed at a later point in this proceeding.

7