UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD JOSEPH,<br>BOP Register No. 25364-004<br><br>       Petitioner,<br><br>       v.<br><br>T.R. SNIEZEK, Warden, FCI Schuylkill,<br><br>       Respondent. | CIVIL ACTION NO. 3:13-cv-01889<br><br>(CAPUTO, J.)<br>(SAPORITO, M.J.) |

**REPORT AND RECOMMENDATION**

This proceeding was initiated by a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, filed by counsel for the petitioner, Richard Joseph, on March 5, 2009. (Doc. 1-1, at 1–7; *see also* Doc. 1-3). At the time of filing, Joseph was incarcerated at FCI Schuylkill, which is located in Schuylkill County, Pennsylvania. (Doc. 1-1, at 1).

I.   PROCEDURAL BACKGROUND

On January 13, 1987, following a month-long jury trial, Joseph was convicted of multiple narcotics offenses, including conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848, and sentenced by the United States District Court for the Southern District

of Florida to serve an aggregate term of 150 years in prison. *United States v. Joseph*, 205 Fed. App'x 765, 766 (11th Cir. 2006) (per curiam) (affirming denial of second Rule 35(a) motion). In addition, the sentencing court ordered that, pursuant to 18 U.S.C. § 4205(b)(1), Joseph would not be eligible for parole until after 40 years of imprisonment. *Id.* Joseph's conviction and sentence were affirmed on direct appeal by the United States Court of Appeals for the Eleventh Circuit on March 15, 1989, and the Supreme Court of the United States denied his petition for a writ of certiorari on October 2, 1989. *United States v. Knight*, 867 F.2d 1285 (11th Cir. 1989), *cert. denied sub nom. Joseph v. United States*, 493 U.S. 846 (1989).

In November 1992, Joseph filed a motion to vacate, set aside, or correct sentence in the sentencing court pursuant to 28 U.S.C. § 2255. The sentencing court denied Joseph's § 2255 motion in May 1993. Joseph appealed, and the Eleventh Circuit affirmed the sentencing court's denial of his § 2255 motion. *See generally Joseph*, 205 Fed. App'x at 767.

In November 1998, Joseph filed a motion to correct an illegal sentence pursuant to Rule 35(a) of the Federal Rules of Criminal

Procedure, arguing that (1) his forty-year minimum sentence before reaching parole eligibility was in violation of 18 U.S.C. § 4205, and (2) his sentence violated the Sentencing Reform Act. The sentencing court denied Joseph's first Rule 35(a) motion, and the Eleventh Circuit affirmed on appeal, "concluding that, because Joseph already had raised the section 4205 parole eligibility issue in his direct appeal and his section 2255 motion, he could not properly raise this issue for a third time," and that "the Sentencing Reform Act did not apply to Joseph's case because, among other things, Joseph was sentenced before its effective date." *Joseph*, 205 Fed. App'x at 767.

In November 2005, Joseph filed a second motion to correct an illegal sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, in addition to another argument not advanced in this case, Joseph argued once again that (1) his forty-year minimum sentence before reaching parole eligibility was in violation of 18 U.S.C. § 4205, and (2) his sentence violated the Sentencing Reform Act. *See Joseph*, 205 Fed. App'x at 767. The sentencing court denied his motion, and the Eleventh Circuit affirmed on appeal, stating that:

> Joseph cannot properly argue again—after raising the claim in his direct appeal, section 2255 motion, and his

> first Rule 35(a) motion—that his 40-year minimum sentence before becoming eligible for parole violates 18 U.S.C. § 4205. *See United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005) ("The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case.") In addition, about Joseph's Sentencing Reform Act argument, we have explained that the Act does not apply to Joseph's sentence because he was convicted and sentenced for offenses that occurred before 1 November 1987. *See United States v. Burgess*, 858 F.2d 1512, 1514 (11th Cir. 1988) (explaining that "Congress has evinced an explicit intent that defendants who have been convicted of crimes committed prior to November 1, 1987[,] be sentenced under the old law instead of the Sentencing Reform Act").

*Joseph*, 205 Fed. App'x at 768 (footnote and brackets omitted).

The instant § 2241 petition was originally filed in the United States District Court for the Eastern District of Pennsylvania and docketed there as Case No. 2:09-cv-00978. (Doc. 1-3). It was subsequently transferred to the United States District Court for the Southern District of Florida, where Joseph had been sentenced, and it was docketed there as Case. No. 1:09-cv-21505. (Doc. 1-2). It was consolidated with a previously filed § 2241 petition, which also had been originally filed in the Eastern District of Pennsylvania and transferred to the Southern District of Florida. (Doc. 1-6).

On September 24, 2012, the Southern District of Florida denied habeas relief with respect to four of five claims asserted in the two § 2241 petitions which challenged the validity of the sentence imposed by that court. (Doc. 1-23; *see also* Doc. 1-17). The Florida court found that it lacked subject matter jurisdiction over the fifth claim, however, which concerned the execution of Joseph's sentence, and transferred the petition containing that claim back to the Eastern District of Pennsylvania under the mistaken belief that it was the district of Joseph's confinement, and thus the appropriate forum.[1] (Doc. 1-23, at 10). Upon its return to the Eastern District of Pennsylvania, the petition was assigned a new docket number, Case No. 2:12-cv-05466. (*See* Doc. 8).

On July 9, 2013, the petition was transferred from the Eastern District to this Court on the ground that Joseph was incarcerated within the Middle District of Pennsylvania at the time when his original petition had been filed. (Doc. 8). In this Court, the petition has

---

[1] In doing so, the Florida court understandably relied on counsel's decision to file the original petition in the Eastern District of Pennsylvania, apparently under the misapprehension that Schuylkill County is located within the Eastern District of Pennsylvania, rather than the Middle District. *See generally* 28 U.S.C. § 118(a)&(b).

been docketed as Case No. 3:13-cv-01889. The respondent has filed an answer to the petition, and the petitioner has filed a reply. (Doc. 21; Doc. 22).

## II.  DISCUSSION

Joseph was convicted of engaging in a continuing criminal enterprise involving narcotics beginning with an unspecified date in 1980 and continuing until his arrest and incarceration on May 15, 1986. He was also convicted of two lesser included conspiracy charges and of several related substantive drug offense charges. He was sentenced to serve an aggregate term of 150 years imprisonment, with a minimum term of forty years before Joseph would be eligible for parole. It is this latter provision of Joseph's sentence that he challenges in the instant petition.

In this petition, Joseph contends that he is entitled to habeas relief under 28 U.S.C. § 2241 for the following reasons:

> (a) The sentence is being executed in violation of *United States v. DiPasquale*, 859 F[.]2d 9 (3d Cir. 1988), which held that the period of eligibility for parole [may not exceed] ten years, the maximum period fixed by the former 18 U.S.C. [§] 4205(a)[;]
>
> (b) The sentence is being executed in violation of . . . Article I, Section 9, Clause 3 [of the United States

>   Constitution] (the ex post facto clause) and *Lyons v. Mendez*, 303 F[.]3d 285 (3d Cir. 2002)[.]

(Doc. 1-1, at 3).

Both claims were considered by the Florida district court prior to transfer. That court found claim (a) to be an unauthorized second or successive § 2255 claim, and, in the absence of pre-authorization by the United States Court of Appeals for the Eleventh Circuit, it dismissed claim (a) for lack of subject matter jurisdiction. The Florida district court found claim (b) to be an attack upon the execution of Joseph's sentence that may only be brought by § 2241 habeas petition in the district of confinement, and, because Joseph had been confined in Pennsylvania rather than Florida, the Florida court found that it lacked jurisdiction over claim (b) and transferred it to a federal court in Pennsylvania for further proceedings.

### A. *DiPasquale* / Section 4205 Claim

Joseph first contends that his sentence is being executed in violation of 18 U.S.C. § 4205(a) because the United States Parole Commission has not yet set a parole eligibility date for him even though

he has served more than ten years of his sentence.[2] The Florida district court considered this § 4205 parole eligibility claim, finding that it was in effect a claim challenging the validity of the district court's sentence

---

[2] The relevant portions of § 4205 in effect at the time of Joseph's sentencing provided:

> (a) Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, *except to the extent otherwise provided by law*.
>
> (b) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court . . . .

18 U.S.C. § 4205 (repealed eff. Nov. 1, 1987) (emphasis added). A circuit split exists as to whether, under the portion of § 4205(a) italicized above, § 4205(b)(1) constituted such other law that would permit a sentencing judge to impose a specified minimum sentence before parole eligibility of more than ten years but less than one-third of the maximum sentence. The Eleventh Circuit held that a sentence such as Joseph's was permissible under an interpretation of § 4205(a) that treated § 4205(b)(1) as such "other" law. *See United States v. Berry*, 839 F.2d 1487 (11th Cir. 1988) (per curiam). Meanwhile, the Third Circuit held that "except to the extent otherwise provided by law" referred to other statutes, and not § 4205 itself, and thus such a sentence was not permissible under § 4205(a). *See United States v. DiPasquale*, 859 F.2d 9 (3d Cir. 1988). It is this split of authority that gives rise to claim (a).

rather than its execution, and thus may only be brought as a § 2255 claim before the sentencing court. (Doc. 1-23, at 7 ("Supreme Court precedent is clear that it is in the province of the sentencing court, not the Parole Commission, to set the minimum parole eligibility date. It is only after that minimum parole eligibility date that the Parole Commission may exercise its discretion to determine whether a prisoner is eligible for release.") (citing *United States v. Addonizio*, 442 U.S. 178, 189 n.15 (1979)) (citation omitted); *see also* Doc. 1-17, at 8–9). Because Joseph did not first obtain authorization from the United States Court of Appeals for the Eleventh Circuit to file a second or successive § 2255 motion, as required by 28 U.S.C. § 2255(h), the Florida district court dismissed Joseph's § 4205 claim for lack of jurisdiction. (Doc. 1-23, at 8; *see also* Doc. 1-17, at 9).

Joseph is barred from re-litigating this issue here by the law of the case doctrine. "[T]he [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). "This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the

agitation of settled issues.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting another source). The law of the case doctrine "applies as much to the decisions of a coordinate court in the same case as to a court's own decisions." *Id.*; *see, e.g.*, *United States v. Smith*, 101 F. Supp. 2d 332, 340 (W.D. Pa. 2000) (law of the case doctrine prevented Pennsylvania district court from revisiting issue on § 2255 motion that previously had been decided adversely by Maryland district court and Fourth Circuit in § 2241 habeas proceedings); *Alamin v. Zerlinski*, 73 F. Supp. 2d 607, 611 (W.D.N.C. 1999) (adopting Middle District of Pennsylvania ruling on transfer of § 2241 petition as law of the case in further proceedings before sentencing court).

"A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson*, 486 U.S. at 817 (quoting *Arizona*, 460 U.S. at 618 n.8). That is not the case here. We need look no further than *DiPasquale* itself, the case relied upon by the petitioner, to see that the rule stated by the Third Circuit therein is one of the *validity* of a

sentence imposing a minimum parole eligibility period of more than ten years, and not one about the *execution* of a sentence. *See United States v. DiPasquale*, 859 F.2d 9 (3d Cir. 1988) (concerning § 2255 motion attacking the validity of such a sentence). As such, Joseph's claim was indeed barred as a "second or successive" § 2255 claim in the absence of pre-authorization by the United States Court of Appeals for the Eleventh Circuit, and thus the Florida district court lacked subject matter jurisdiction to consider this claim. *See United States v. Doe*, 810 F.3d 132, 150 (3d Cir. 2015); *accord United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam). Moreover, even if we declined to adopt the Florida district court ruling as law of the case with respect to claim (a), this Court would lack jurisdiction to consider the issue, as § 2255 vests exclusive jurisdiction over such questions in the *sentencing* court. *See Boumediene v. Bush*, 553 U.S. 723, 774–75 (2008); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam).

Accordingly, it is recommended that the petition be denied with respect to claim (a) on the ground that the prior dismissal of this claim as an unauthorized second or successive § 2255 claim by the United States District Court for the Southern District of Florida constitutes the

law of the case in this matter.

### B. *Ex Post Facto* / Sentencing Reform Act Claim

Joseph also contends that his sentence is being executed in violation of the *ex post facto* clause of the United States Constitution. *See generally* U.S. Const. art. I § 9, cl. 3 ("No . . . ex post facto Law shall be passed."). In particular, Joseph contends that the Parole Commission has violated the *ex post facto* clause by failing to set a release date for him, as required by § 235(b)(3) of the Sentencing Reform Act as it was in effect at the time when his sentence was imposed.

The Florida district court found that this Sentencing Reform Act claim was correctly postured as a challenge to the execution of his sentence rather that its imposition, and thus may only be brought as a § 2241 claim in the district of his confinement. (Doc. 1-23, at 8–9; *see also* Doc. 1-17, at 9–10). Because Joseph was confined in Pennsylvania rather than Florida at the time of the filing of his petition, the Florida district court found that it lacked jurisdiction and transferred the case back to the Eastern District of Pennsylvania for further proceedings on this last remaining claim. (Doc. 1-23, at 9). Because Joseph's place of confinement, FCI Schuylkill, was actually located within this federal

judicial district, the Eastern District transferred the surviving portion of Joseph's habeas petition to this Court for disposition. (Doc. 8).[3]

The Sentencing Reform Act of 1984 abolished the United States Parole Commission and repealed the federal parole statutes. *See generally United States ex rel. D'Agostino v. Keohane*, 877 F.2d 1167, 1169–72 (3d Cir. 1989). Section 235(b)(3) is one of several parole transition provisions contained in the Sentencing Reform Act to address the handling of parole-related issues for pre-Act prisoners. As originally enacted, § 235(b)(3) provided that:

> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable

---

[3] In his recommendation that this claim be dismissed for lack of jurisdiction, the Florida magistrate judge noted that this same claim had been presented to and rejected by the Eleventh Circuit on appeal from the denial of his second Rule 35(a) motion. (Doc. 1-17, at 10 n.7 (citing *Joseph*, 205 Fed. App'x at 768 ("[T]he Act does not apply to Joseph's sentence because he was convicted and sentenced for offenses that occurred before 1 November 1987.")). This margin comment, however, does not constitute a ruling by a coordinate court in this same case, but mere dictum. Moreover, we note that the Eleventh Circuit's prior finding, referenced in that margin note, addressed a statutory challenge to the imposition of Joseph's sentence, as opposed to a constitutional *ex post facto* challenge to the Parole Commission's execution of the sentence.

> parole guideline. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Sentencing Reform Act, Pub. L. 98-473, § 235(b)(3), 98 Stat. 1837 (1984). This provision was enacted as "a 'winding-up' provision [to] provide the certainty of release within the appropriate guideline range for those whom the Parole Commission, prior to its abolition, might otherwise have either taken no action or set a parole date beyond guideline ranges." *D'Agostino*, 877 F.2d at 1171. The general provisions of the Sentencing Reform Act were made effective on November 1, 1987, but the parole transition provision set forth in § 235(b)(3) was effective upon its enactment on October 12, 1984. *See Lyons v. Mendez*, 303 F.3d 285, 292–93 (3d Cir. 2002).[4]

Although the Sentencing Reform Act originally provided for the abolition of the Parole Commission in 1992, five years after the November 1, 1987, effective date of the Act, it has since been amended several times to extend the life of the Parole Commission, most recently

---

[4] There is a circuit split on this issue as well, with the Third and Eleventh Circuits again falling on opposite sides of the split.

by a 2013 amendment extending the Parole Commission's existence until 2018. *See Edwards v. Cross*, 801 F.3d 869, 871 n.2 (7th Cir. 2015). As a result, it has not completed the "winding-up" process envisioned by § 235(b)(3) for pre-Act federal prisoners (including Joseph) and set prospective parole release dates for them. Joseph appears to contend that these extensions of the Parole Commission's "winding-up" period, and its failure to have already set his release date, is a violation of the *ex post facto* clause.

The *ex post facto* clause "forbids Congress from enacting any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes *additional punishment* to that then prescribed.'" *Lyons*, 303 F.3d at 287 (quoting *Weaver v. Graham*, 450 U.S. 24, 28 (1981)) (emphasis in original). To be an unconstitutional *ex post facto* law: "First, the law must be retrospective, applying to events prior to its enactment; and second, it must disadvantage the offender affected by it." *Id.* at 287–88.

"Because the extension of the life of the Parole Commission does not in any way impose additional 'punishment' on the [petitioner], it cannot be deemed an *ex post facto* law." *United States v. Williams*, 764

F. Supp. 1019, 1025 (E.D. Pa. 1991). Extension of the Parole Commission's period of existence "clearly is only a procedural change in the process of setting release dates for pre-Act prisoners and this does not present any *ex post facto* issue." *Id.* This statutory provision, both as originally enacted and as amended, "is merely a 'housekeeping provision,' designed to ensure that release dates are set by the Parole Commission for pre-Act prisoners before the Commission itself expires. It does not alter the parole guideline range the [petitioner] faces, or make it more likely that the [petitioner]'s actual release date will be later than it would be under the prior provision." *Id.* (citation omitted).

Moreover, Joseph's reliance on *Lyons* is inapposite. *Lyons* concerned a case involving a Parole Commission decision setting a parole release date *beyond* the guideline range, which was not permitted under § 235(b)(3) prior to a December 1987 amendment. *See Lyons*, 303 F.3d at 293. In this case, when he becomes eligible for parole consideration, Joseph's offense severity will be rated as a Category Eight under the parole guidelines. *See* Gervasoni Decl. ¶ 2 (Doc. 21-1, at 1). Because a Category Eight offender has no upper limit on his parole guideline range, *Lyons* has no application to Joseph. *See Hegney v.*

*Hogsten*, 318 Fed. App'x 60, 63–64 (3d Cir. 2008) (per curiam).

Joseph has failed to demonstrate any disadvantage he has suffered as a result of the Parole Commission's failure to set a parole release date for him, and thus he has failed to establish a violation of the *ex post facto* clause. Accordingly, it is recommended that the petition be denied with respect to claim (b) on the merits.

## III. RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1-1, at 1–7) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Dated: June 30, 2016            *s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD JOSEPH,<br>BOP Register No. 25364-004<br><br>        Petitioner,<br><br>        v.<br><br>T.R. SNIEZEK, Warden, FCI Schuylkill,<br><br>        Respondent. | CIVIL ACTION NO. 3:13-cv-01889<br><br>(CAPUTO, J.)<br>(SAPORITO, M.J.) |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated June 30, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: June 30, 2016　　　　　　　　**_s/ Joseph F. Saporito, Jr._**
　　　　　　　　　　　　　　　　　　JOSEPH F. SAPORITO, JR.
　　　　　　　　　　　　　　　　　　United States Magistrate Judge