**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD JOSEPH,<br>BOP Register No. 25364-004<br><br>    Petitioner,<br><br>    v.<br><br>T.R. SNIEZEK, Warden, FCI Schuylkill,<br><br>    Respondent. | CIVIL ACTION NO. 3:13-cv-01889<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE SAPORITO) |

**MEMORANDUM**

Presently before me is the Report and Recommendation ("R&R") of Magistrate Judge Saporito (Doc. 25) regarding a Petition for Habeas Corpus submitted pursuant to 28 U.S.C. § 2241, filed by counsel for the petitioner Richard Joseph ("Joseph") on March 5, 2009. (Doc. 1-1, at 1–7; *see also* Doc. 1-3). For the reasons that follow, the R&R will be adopted in its entirety and the Petition for Habeas Corpus will be dismissed.

**I. Background**

On January 13, 1987, following a month-long jury trial, Joseph was convicted of multiple narcotics offenses, including conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848, and sentenced by the United States District Court for the Southern District of Florida to serve an aggregate term of 150 years in prison. *United States v. Joseph*, 205 Fed. App'x 765, 766 (11th Cir. 2006). In addition, pursuant to 18 U.S.C. § 4205(b)(1), as part of the sentence, the court ordered that Joseph would not become eligible for parole until he had served 40 years of his sentence. As a result, Joseph will not become eligible for parole until January 2027.

Joseph appealed his conviction and sentence, arguing in part that the portion of the sentence requiring him to serve 40 years imprisonment before becoming eligible for parole constituted an illegal sentence under 18 U.S.C. § 4205(a). In affirming Joseph's conviction and sentence, the Eleventh Circuit summarily rejected this argument. *United States v.*

*Knight*, 867 F.2d 1285, 1290 (11th Cir. 1989).

In 1992, Joseph filed his first petition to vacate his sentence pursuant to 28 U.S.C. § 2255, which the district court denied. This denial was affirmed by the Eleventh Circuit. *United States v. Joseph*, 205 Fed. Appx. 765, 767 (11th Cir. 2006).

In 1998, Joseph filed his first motion for correction of an illegal sentence pursuant to Fed. R. Civ. P. 35(a), once more arguing that the restriction on his parole eligibility was illegal. Joseph also argued that his sentence violated the Sentencing Reform Act of 1984 (the "Act"), Pub.L. No. 98–473, 98 Stat. The district court denied the motion, and the Eleventh Circuit affirmed, concluding that because Joseph had already raised the parole eligibility issue in his direct appeal and his § 2255 motion, he could not properly raise the issue for a third time. The Eleventh Circuit further affirmed the district court's conclusion that the Sentencing Reform Act did not apply to Joseph's case, because, among other things, Joseph was sentenced before its effective date.

In November 2005, Joseph filed his second Rule 35(a) motion reasserting his arguments for the applicability of the Sentencing Reform Act. The district court denied the motion, and the Eleventh Circuit affirmed, finding that under the "law of the case" doctrine, "[Joseph] cannot properly argue again — after raising the claim in his direct appeal, [§] 2255 motion, and his first Rule minimum sentence before becoming eligible for parole 35(a) motion — that his 40-year violates 18 U.S.C. § 4205." *United States v. Joseph*, 205 F. App'x 765, 768 (11th Cir. 2006).

On September 11, 2008, Joseph, who at the time was incarcerated at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania, filed his first petition pursuant to 28 U.S.C. § 2241 in the Eastern District of Pennsylvania. Subsequently, Joseph filed his second § 2241 petition in the Eastern District of Pennsylvania on March 6, 2009. Both petitions were transferred to the United State District Court for the Southern District of

2

Florida, where Joseph had been sentenced. (Doc. 1-2).

In his petitions, Joseph contends that he is entitled to habeas relief under § 2241 for the following reasons:

> (a) The sentence is being executed in violation of *United States v. DiPasquale*, 859 F[.]2d 9 (3d Cir. 1988), which held that the period of eligibility for parole [may not exceed] ten years, the maximum period fixed by the former 18 U.S.C. [§] 4205(a)[;]
>
> (b) The sentence is being executed in violation of . . . Article I, Section 9, Clause 3 [of the United States Constitution] (the *ex post facto* clause) and *Lyons v. Mendez*, 303 F[.]3d 285 (3d Cir. 2002)[.]

(Doc. 1-1, at 3).

On September 24, 2012, the Southern District of Florida denied habeas relief with respect to (a), which the court found to be an unauthorized "second or successive" § 2255 claim, and, in the absence of pre-authorization by the United States Court of Appeals for the Eleventh Circuit, it dismissed claim (a) for lack of subject matter jurisdiction. (Doc. 1-23; *see also* Doc. 1-17). The Florida court also found that it lacked subject matter jurisdiction over (b), which concerned the execution of Joseph's sentence, and transferred the petition containing that claim back to the Eastern District of Pennsylvania under the mistaken belief that it was the district of Joseph's confinement. (Doc. 1-23, at 10). The case was subsequently transferred to the Middle District of Pennsylvania where Joseph was incarcerated at the time he filed his original petition.

On June 30, 2016, Magistrate Judge Saporito issued the instant R&R (Doc. 25), and on July 6, 2016, Joseph filed his objections (Doc. 26). The R&R and the objections thereto are now ripe for review.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the

3

extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985). At the very least, the court should review uncontested portions for clear error or manifest injustice. *Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

### III. Discussion

**A.    *DiPasquale* / Section 4205 Claim**

Joseph first contends that his sentence is being executed in violation of 18 U.S.C. § 4205(a) because, even though he has served more than ten years of his sentence, the U.S. Parole Commission has not yet set a parole eligibility date for him.

Joseph previously raised the same claim in federal habeas proceedings before the Florida district court, which denied his petition as time-barred pursuant to 28 U.S.C. § 2244(d). Because Joseph did not first obtain authorization from the United States Court of Appeals for the Eleventh Circuit to file a second or successive § 2255 motion, as required by 28 U.S.C. § 2255(h), the Florida court dismissed Joseph's § 4205 claim. (Doc. 1-23, at 8; *see also* Doc. 1-17, at 9).

In his R&R, Magistrate Judge Saporito found that Joseph is barred from re-litigating this issue by the "law of the case" doctrine, and recommended that the petition be denied with respect to this claim on the ground that the prior dismissal as an unauthorized second or successive § 2255 claim by the Southern District of Florida constitutes the law of the

4

case in this matter. (Doc. 25, at 11-12). I will adopt that recommendation.

District courts are to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). As the Third Circuit observed, "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Here, appellant's objections are general in nature; they lack the specificity required by § 636(b)(1). In his objections, Joseph states that "the sentence is being executed in violation of 18 U.S.C. 4205(a)," but then goes on to recount his previously-adjudicated claims, repeating what he perceives to be the general legal foundations for his arguments. (See Doc. 26, 1-3). Nowhere does Joseph object to Magistrate Judge Saporito's specific finding that Joseph is barred from re-litigating the issue by the law of the case doctrine. Nowhere does he address the fact that he failed to seek pre-authorization to file his second or successive habeas petition. Consequently, because Joseph is merely repeating arguments that were thoroughly addressed by the Magistrate Judge (and the Florida courts) without making specific objections to the R&R, judicial economy demands they be reviewed for clear error only. *See Hutson v. Vaughn*, 2004 WL 717178 (E. D. Pa.2004) (overruling objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), *aff'd*, 262 Fed. Appx. 474 (3d Cir.2008). *See also Cruz*, 990 F.Supp. at 377.

As such, I review the R&R for clear error and find none. Magistrate Judge Saporito's recommendation as to the first claim will be adopted.

**B.    Ex Post Facto / Sentencing Reform Act Claim**

Joseph also contends that his sentence is being executed in violation of the *ex post*

*facto* clause of the U.S. Constitution. Specifically, Joseph argues that the Parole Commission failed to set a release date for him, as required by § 235(b)(3) of the Sentencing Reform Act.

With regard to Magistrate Judge Saporito's analysis of the *ex post facto* clause, Joseph puts forward no objections. His filing contains only a header entitled, "OBJECTION TO THE MJRR'S ANALYSIS OF THE EX POST FACTO ISSUE," but this header is not followed by any text. The next section does contain some objections to this portion of the R&R but they largely recount the initial claims, retell the legislative history of the Sentencing Reform Act, and repeat arguments similar to those already addressed by the Magistrate Judge. Because, however, Joseph makes two specific objection to this portion of the R&R, I will review them *de novo*. *See Goney v. Clark*, 749 F.2d 5, 7 (3d Cir.1984).

### 1. The Impact of the Amendments to the Sentencing Reform Act on Joseph's Conviction

In his objections to the R&R, Joseph claims that the various amendments to the Sentencing Reform Act of 1984 do not apply to him because the application of the amendments to crimes that occurred before the amendments were passed impermissibly increases the punishment and violates the *ex post facto* clause.

The Act, which revised the federal sentencing process as a whole, provided that the U.S. Parole Commission would be abolished five years after the effective date of the Act, that is, on November 1, 1992. During the period before its expiration, the Commission "was authorized to deal with sentences imposed under the pre-Act practices and the lengths of sentences, parole, and good time statutes would remain in effect as to any individual sentenced before the new Act." *United States ex rel. D'Agostino v. Keohane*, 877 F.2d 1167, 1171 (3d Cir.1989).

As originally enacted, section 235(b)(3) of the Act directed that the Parole Commission, before its expiration on November 1, 1992, set a release date for pre-Act

prisoners who would still be incarcerated at that time. This provision was enacted as "a 'winding-up' provision [to] provide the certainty of release within the appropriate guideline range for those whom the Parole Commission, prior to its abolition, might otherwise have either taken no action or set a parole date beyond guideline ranges." *D'Agostino*, 877 F.2d at 1171. The general provisions of the Sentencing Reform Act were made effective on November 1, 1987, but the parole transition provision set forth in § 235(b)(3) became effective upon its enactment on October 12, 1984. *See Lyons v. Mendez*, 303 F.3d 285, 292–93 (3d Cir. 2002).

Although the Act originally provided for the abolition of the Parole Commission in 1992, it has since been amended several times to extend the life of the Commission, most recently by a 2013 amendment extending the Parole Commission's existence until 2018. *See* § 235(b)(1), 98 Stat. at 2032; United States Parole Commission Extension Act of 2013, Pub.L. No. 113–47, § 2,127 Stat. 572.

Joseph claims that his sentence is being executed in violation of the *ex post facto* clause of the U.S. Constitution and appears to challenge the Parole Commission's failure to set a release date within the guidelines of the Sentencing Reform Act. Specifically, he contends the Government's position that "there is no *ex post facto* violation regarding Mr. Joseph because he committed the crime before passage of the [the Act]" is meritless because the crime Joseph was convicted of, continuing criminal enterprise "is a form of conspiracy, and conspiracy is a continuing crime." (Doc. 26, at 5-6).

I am unable to find support for such a theory, nor has Joseph identified any precedent. More importantly, as the Supreme Court has held, extensions of the Act are merely procedural changes in the process of setting release dates for pre-Act prisoners, which do not present any *ex post facto* issues. *See Weaver v. Graham*, 450 U.S. 24, 29 n. 12, 101 S.Ct. 960, 964 n. 12 ("[N]o *ex post facto* violation occurs if the change is merely procedural, and does 'not increase the punishment nor change the ingredients of the

offense of the ultimate facts necessary to establish guilt.'") quoting *Hopt v. Utah*, 110 U.S. 574–590, 4 S.Ct. 202, 210 (1884); *Dobbert v. Florida*, 432 U.S. 282, 293, 97 S.Ct. 2290, 2298 (1977) ("Even though it may work to the disadvantage of a defendant, a procedural change is not *ex post facto*.").

### 2. Magistrate Judge Saporito's Finding That Joseph Will Be Rated as a Category Eight Offender Upon Release

Magistrate Judge Saporito also found that Joseph's reliance on *Lyons v. Mendez*, 303 F.3d 285 (3d Cir. 2002) is inapposite because "when he becomes eligible for parole consideration, Joseph's offense severity will be rated as a Category Eight under the parole guidelines . . . [and] a Category Eight offender has no upper limit on his parole guideline range," rendering *Lyons* inapplicable to this case. (Doc. 25, at 16). In arriving at the conclusion that Joseph will be a Category Eight offender, Magistrate Judge Saporito relied on a declaration by Sharon Gervasoni, Assistant General Counsel at the U.S. Parole Commission. (Doc. 21-1, at 1). Joseph now claims that Magistrate Judge Saporito's reliance on the that declaration was "not in the proper form because [the declaration] is qualified by the language 'to the best of my knowledge and belief,'" and 28 U.S.C § 1746 requires "that a Declaration must be unqualified." (Doc. 26, at 8).[1]

---

[1] 28 U.S.C § 1746 provides as follows:
> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> (1) If executed without the United States: "I declare (or certify, verify,

Joseph does not cite to any case to support his objection, and I also have been unable to find support for this proposition. On the contrary, in *Williams v. Nish*, 2015 WL 106387, at *6 (M.D. Pa. Jan. 7, 2015), *aff'd*, 612 F. App'x 81 (3d Cir. 2015), which involved an affidavit with the same language to which Joseph objects, Judge Rambo concluded that "because [the affidavit] was verified and submitted under penalty of perjury, the court finds that that document satisfies the requirements of 28 U.S.C. § 1746." In *Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343 (D. Md. 2015), the court found that a declaration stating, "I hereby and herein reserve the right to amend and make amendments to this document as necessary" was, on the other hand, "not the kind of unqualified certification contemplated by 28 U.S.C. § 1746."

Here, Ms. Gervasoni's declaration was both verified and submitted under penalty of perjury, and did not contain any reservations to make amendments to it. (*See* Doc. 21). I find that it complies with the requirements of 28 U.S.C. § 1746.

As such, Joseph's objections will be overruled and Magistrate Judge Saporito's findings with regard to the *ex post facto* and Sentencing Reform Act claim will be adopted.

### IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." However, "a certificate of appealability may issue ... only if the applicant has made a substantial showing

---

or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".
(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). Joseph made no such showing, and I deny a certificate of appealability in this case.

## V. Conclusion

For the above stated reasons, I will adopt the R&R (Doc. 25) in its entirety and will deny Joseph's petition for a writ of habeas corpus, which will be dismissed with prejudice.

An appropriate order follows.


<u>September 20, 2016</u>  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge